Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
Panel II

| ERIC RAMÍREZ CABRERA<br>Peticionario<br><br>v.<br><br>JAHZEEL COLÓN MANTILLA<br>Recurrida | KLCE202301192 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.:<br>BY2021RF01242<br><br>Sobre:<br>Custodia |
|---|---|---|

Panel integrado por su presidente, el Juez Bermúdez Torres, el Juez Adames Soto y la Juez Aldebol Mora

Adames Soto, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 21 de diciembre de 2023.

Comparece el Sr. Eric Ramírez Cabrera (señor Ramírez Cabrera o peticionario), a través de recurso de *certiorari*, solicitando la revocación de la *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, (TPI), el 28 de septiembre de 2023. Mediante dicho dictamen el foro primario denegó una solicitud del señor Ramírez Cabrera para que dejara sin efecto la designación de hogar seguro que existe sobre el inmueble que servía de hogar en común cuando estaba casado con la señora Jahzeel Colón Mantilla, (la recurrida).

El peticionario sostiene ante nosotros que el tribunal *a quo* incidió al mantener la designación de hogar seguro sobre la referida propiedad inmueble, a pesar de existir una custodia compartida sobre los hijos en común, con tiempo igual entre las partes.

## I. Resumen del tracto procesal

El 9 de julio de 2021, el peticionario presentó una *Demanda* solicitando la disolución del matrimonio habido con la recurrida.

En respuesta, el 22 de julio de 2021, la recurrida presentó una *Contestación a demanda y reconvención,* aceptando las alegaciones, aunque añadiendo sendos comentarios, y levantando defensas afirmativas. En lo referente a la reconvención presentada, la recurrida solicitó allí: la disolución del matrimonio; que se le concediese la custodia mono parental de las hijas procreadas entre ambos; la designación del inmueble perteneciente a las partes como hogar seguro de las menores, donde se encontraban residiendo en ese momento; la imposición de una pensión alimentaria para el sustento de dichas menores.

Conforme a la solicitud de divorcio de las partes, el 6 de agosto de 2021, el foro primario decretó roto y disuelto el matrimonio entre estos. Además, decidió otorgar la custodia provisional de las menores a la recurrida, asignando el hogar anteriormente matrimonial como hogar seguro, en beneficio de la recurrida y las menores. Esta última determinación se mantendría, hasta que fuera emitida una determinación final en cuanto a quién correspondería la custodia de estas, pues ya se encontraba referido el asunto para investigación de la Unidad de Trabajo Social del Tribunal.

En efecto, concluido el estudio pertinente por la Unidad de Trabajo Social del Tribunal, esta recomendó que la custodia de las menores fuera compartida, relacionándose el peticionario con sus hijas en un 50%, estableciéndose una estructura de semanas alternas, de lunes a lunes.

Dispuesto lo anterior, el 5 de abril de 2023, el peticionario presentó *Moción en Solicitud de Modificación de Pensión Alimentaria y Otros Particulares.* Inició aseverando que las partes habían acordado el pago de una pensión alimentaria para las menores, tomando en consideración que no ostentaba la custodia compartida de las menores en tiempo igual. Por este mismo fundamento, la adjudicación de la custodia compartida de las menores a las partes, solicitó que se dejara sin efecto la designación de hogar seguro en favor de la recurrida.

Luego, el 27 de julio de 2023, el recurrente reiteró mediante moción, idéntico planteamiento al del párrafo que precede, sobre dejar sin efecto la designación del hogar seguro en favor de la recurrida.

Superados varios trámites procesales, el 5 de septiembre de 2023, el tribunal *a quo* emitió la *Orden* cuya revocación nos solicita el peticionario, sosteniéndose en la designación del referido inmueble como hogar seguro para las menores, hasta que estas alcancen la mayoría de edad.

Inconforme, el peticionario instó ante el TPI una moción de reconsideración, que fue denegada.

Es así como el peticionario acudió ante nosotros, mediante recurso de *certiorari,* esgrimiendo el siguiente señalamiento error:

> **PRIMER ERROR:** ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA, AL MANTENER LA DESIGNACI[Ó]N DE HOGAR SEGURO SOBRE LA PROPIEDAD INMUEBLE HABIDA ENTRE LAS PARTES DE EPIGRAFE, ESTO A PESAR DE EXISTIR UNA CUSTODIA COMPARTIDA EN TIEMPO IGUAL ENTRE AMBAS PARTES, QUE LA RECURRIDA NO OSTENTA LA CUSTODIA MONOPARENTAL DE LAS MENORES Y SIN LA CELEBRACI[Ó]N DE UNA VISTA EVIDENCIARIA, SEGÚN SOLICITADA, EN LA CUAL LAS PARTES PUDIERAN PRESENTAR LA EVIDENCIA Y LOS ARGUMENTOS EN APOYO DE SUS RESPECTIVAS POSTURAS Y EN LA CUAL EL TRIBUNAL PUDIESE EVALUAR LOS CRITERIOS ESTABLECIDOS EN EL CODIGO CIVIL PARA LA DESIGNACI[Ó]N DE HOGAR SEGURO .

Por su parte, el 21 de noviembre de 2023, la recurrida presentó *Alegato en Oposición a Certiorari.*

Contando con la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable.

## II. Exposición de Derecho

### A. *Certiorari*

El auto de *certiorari* permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *800 Ponce de León Corp. v. American International Insurance,* 205 DPR 163, 174 (2020); *Municipio Autónomo de Caguas v. JRO Construction,* 201 DPR 703, 710 (2019); *Medina Nazario v. McNeil Healthcare LLC.,* 194 DPR 723, 728 (2016). Es,

en esencia, un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *García v. Padró*, 165 DPR 324, 334 (2005). La expedición del auto descansa en la sana discreción del tribunal, y encuentra su característica distintiva, precisamente, en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos. *Municipio Autónomo de Caguas v. JRO Construction*, supra, pág. 711. El concepto discreción implica la facultad de elegir entre diversas opciones. *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012). Claro, la discreción judicial no es irrestricta y ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Municipio Autónomo de Caguas v. JRO Construction*, supra, págs. 711-712; *Negrón v. Srio. de Justicia*, 154 DPR 79, 91 (2001).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52, establece que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por vía de excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios evidenciarios; (c) anotaciones de rebeldía; (d) **casos de relaciones de familia**; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia. (Énfasis provisto).

En virtud de lo anterior, para poder ejercitar debidamente nuestra facultad revisora sobre un caso, primeramente, debemos determinar si el asunto del cual se recurre se encuentra dentro de alguna de las materias contempladas en la Regla 52.1, *supra*. De ser así, entonces procede

evaluar si a la luz de los criterios enumerados en la Regla 40[1] de nuestro Reglamento, 4 LPRA Ap. XXII-B, se justifica nuestra intervención. Con todo, se ha de considerar que ninguno de los criterios contenidos en la Regla 40 citada, es determinante por sí solo para el ejercicio de nuestra jurisdicción. *García v. Padró, supra.*

En este ejercicio, nuestro máximo foro ha expresado que un tribunal apelativo no intervendrá con las determinaciones interlocutorias discrecionales procesales de un tribunal sentenciador en ausencia de pasión, prejuicio, parcialidad o error manifiesto. *Argüello v. Argüello*, 155 DPR 62, 78-79 (2001). Cónsono con esto, el mismo alto foro ha advertido que nuestro ordenamiento jurídico desfavorece la revisión de las determinaciones interlocutorias. *Medina Nazario v. Mcneil Healthcare LLC*, supra, pág. 730.

## III. Aplicación del Derecho a los hechos

Según intimamos en la exposición de derecho, por virtud de la Regla 52.1 de las de Procedimiento Civil, *supra,* estamos facultados para expedir un auto de *certiorari,* cuando se recurre de una resolución que atiende casos de relaciones de familia, como la que está ante nuestra consideración. Con todo, ello no suprime el carácter discrecional que el Legislador le imprimió a nuestra determinación de acoger el recurso solicitado. Como ha dicho nuestro Tribunal Supremo, *la amplitud del recurso moderno de certiorari no significa que sea equivalente a una*

---

[1]   A.  Si el remedio y la disposición de la decisión recurrida a diferencia de sus fundamentos, son contrarios a derecho.
  B.  Si la situación de hechos planteada es la más indicada para el análisis del problema.
  C.  Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
  D.  Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberá ser elevados, o de alegatos más elaborados.
  E.  Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
  F.  Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
  G.  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*apelación, pues sigue siendo discrecional y los tribunales debemos utilizarlo con cautela y por razones de peso.* *Pueblo v. Díaz De León,* 176 DPR 913, 918 (2009).

Examinada la controversia alzada, y el curso decisorio elegido por el foro recurrido, juzgamos que no acontecen las circunstancias de pasión, prejuicio, parcialidad o error manifiesto que ameriten nuestra intervención.

Solemos ejercitar nuestra discreción al decidir expedir un recurso de *certiorari,* al estar frente a una determinación con la cual no coincidimos o amerita modificación, ninguna de las cuales observamos en este caso. Ello, en tanto no contamos con los elementos suficientes para concluir que el foro primario hubiese errado al persistir en su determinación de mantener la designación de hogar seguro de las menores, hasta que alcancen su mayoridad. En este sentido, a todas luces el TPI puso el acento en el bien jurídico que vela por el mayor bienestar de dichas menores, antes que el del derecho propietario correspondiente al peticionario.

En tanto, no variaríamos la determinación recurrida, solo nos queda denegar el recurso presentado.

## IV. Parte dispositiva

Por las razones expuestas, se *deniega* la expedición del auto de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica su Secretaria.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones